*JOHN E. HUMPHREYS, EXECUTOR OF ISABELLA BROWN, DECEASED, v. STATE OF OHIO.

1. NOTICE OF APPEAL WHERE STATE IS PARTY.

Where the state is a party to a suit, and prosecutes an appeal, notice entered upon the record is a proper notice of appeal.

2. COLLATERAL INHERITANCE TAX ACT LIMITS EXEMPTIONS TO OHIO INSTITUTIONS.

It is the purpose of the collateral inheritance tax act to limit exemptions to purely Ohio institutions; denominational corporations organized for purely charitable purposes under the laws of other states are not a care of the state of Ohio, and bequests to such institutions are not entitled to exemption notwithstanding some portion of such bequests may be used in Ohio.

Lawrence Maxwell, for plaintiff in error.

Louis B. Sawyer, for the state.

SWING, J.

We think the judgment of the court of common pleas should be affirmed.

The court did not err in refusing to dismiss the appeal from the probate court.

The provision in Sec. 6408 Rev. Stat., which requires a written notice to be given, does not apply to the state of Ohio. We find no provision of the statute which does, in terms, apply to the state taking an appeal, therefore, under Sec. 6411 Rev. Stat., Sec. 5227 Rev. Stat. is the section which governs, and under it a notice entered on the records is a proper notice of appeal.

The bequests are to institutions organized for purely public charities, but in our opinion are not to institutions in the state of Ohio. They are all incorporated under the laws of other states, and while controlled exclusively by the Presbyterian church, which church has a very large membership in the state of Ohio, this is not sufficient to make these institutions Ohio institutions within the meaning of this act. The object of the act, we think, was to limit the exemptions to purely Ohio institutions, and this cannot be claimed of any of these institutions. The state must be presumed to have a care for only its own people and its own institutions. While most of these institutions dispense public charity in Ohio, not all of them do. For instance, the Board of Freedman's Missions is a corporation under the laws of Pennsylvania, and its charitable work is among the freedmen of the south, so that the only way that this can be considered an Ohio institution is from the fact that

---

* For preceding decision on this case see Brown, Estate of, 13 Dec. 168, wherein the same facts were in controversy in the common pleas.

Humphreys v. State.

a portion of the Presbyterian church is in Ohio. It seems to us that to hold that this is an institution of Ohio would be beyond the meaning of the statute. As to those other charities which operate in Ohio, as far as these bequests are concerned, it is not required, nor is it contemplated that they shall be used exclusively in Ohio. It is possible that all of the bequests may be expended outside of Ohio. No doubt these institutions are in their broadest sense national, although incorporated under the laws of different states, and that the Presbyterians of Ohio furnish a large portion of that organization, but being national is the reason why it is not an Ohio institution within the meaning of the act.